IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CARLOS DAX CREGAN,<br><br>    Plaintiff,<br><br>  v.<br><br>CECILIA DEANES, JAMES HOLMES,<br>PHILLIP MARTIN, ROOSEVELT MARTIN,<br>ISSAC THOMAS, TIMOTHY WARD,<br>YAN K. YU, and ANITA JOHNSON,<br><br>    Defendants. | Case No. 1:18-cv-04185<br><br>The Honorable Rubén Castillo<br>Courtroom 2503 |

**DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES
TO PLAINTIFF'S SECOND AMENDED COMPLAINT**

NOW COME Defendants CECILIA DEANES, JAMES HOLMES, PHILLIP MARTIN, ROOSEVELT MARTIN, ISSAC THOMAS, TIMOTHY WARD, YAN K. YU, and ANITA JOHNSON (hereinafter collectively referred to as "Defendants"), by their attorney, Kimberly Foxx, State's Attorney of Cook County, through her assistants Samuel Comi and Jonathan Wheeler to answer, and to plead affirmative defenses to, Plaintiff's Second Amended Complaint.

**NATURE OF THE ACTION**

1.      Cregan brings this civil rights action pursuant to 43 U.S.C. § 1983 to obtain relief for violation of his rights under the Eighth Amendment to the United States Constitution by use of excessive force. Cregan also brings common law tort claims against Defendants for tortious assault, battery, and intentional

Page 1 of 17

infliction of emotional distress. Cregan also seeks relief for Defendants' failure to provide medical treatment, and the provision of inadequate treatment for injuries suffered as a result of the conduct alleged.

**ANSWER:** Defendants admit that Plaintiff brought this action pursuant to 43 U.S.C. § 1983, but Defendants deny any wrongdoing or liability.

### THE PARTIES

2. Cregan currently resides in a correctional facility known as the Mercer County Sheriff's Office, 906 SW 3rd Street, in Aledo, Illinois 61231. During the relevant period of time, Cregan was residing in the Cook County jail ("Cook County") in Chicago, Illinois.

**ANSWER:** Defendants admit the allegations contained in paragraph 2 of Plaintiff's Second Amended Complaint, but Defendants deny any wrongdoing or liability.

3. Defendants, Lieutenant Cecilia Deanes, Lieutenant James Holmes, Sergeants Issac Thomas (Star 3226) and Timothy Ward, Correctional Officer Phillip Martin or Roosevelt Martin, Medical Doctor Yan K. Yu and Mental Health Specialist Anita Johnson were at all times relevant herein, employed by Cook County at the Cook County jail or its immediate care facility known as "Cermak Hospital". Defendants are sued in their individual and official capacities for the actions they took or failed to take, as alleged in this Second Amended Complaint, by virtue of their authority as Cook County jail officials or Cook County medical personnel assigned to supervise or treat detainees such as Cregan.

**ANSWER:** Defendants admit that, at all relevant times, they were employed by Cook County at the Cook County Department of Corrections or Cermak Health Services of Cook County, but Defendants deny any wrongdoing or liability.

4. At all times relevant to this Amended Complaint, Defendants were acting under the color of law.

**ANSWER:** Defendants admit the allegations contained in paragraph 4 of Plaintiff's Second Amended Complaint, but Defendants deny any wrongdoing or liability.

### JURISDICTION AND VENUE

5. This Court has jurisdiction over this case pursuant to 29 U.S.C. §§1331 and 1343(a)(3)-(a)(4), 28 U.S.C. § 1983, and the Eighth Amendment to the United States Constitution. This Court has supplemental jurisdiction over Cregan's common law claims by virtue of 29 U.S.C. § 1367.

**ANSWER:** Defendants admit the allegations contained in paragraph 5 of Plaintiff's Second Amended Complaint, but Defendants deny any wrongdoing or liability.

6. Venue is proper in this Court pursuant to 29 U.S.C. § 1391 because a substantial part of the events giving rise to this action occurred within this District.

**ANSWER:** Defendants admit the allegations contained in paragraph 6 of Plaintiff's Second Amended Complaint, but Defendants deny any wrongdoing or

liability.

## STATEMENT OF FACTS

7. On or about December 29, 2017 at approximately 7:00 p.m., Cregan was a resident in Division 11 on Tier C-F at the Cook County Jail. At about that time, Lt. Cecilia Deanes, Lt. James Holmes and, on information and belief, Sergeants Issac Thomas, Timothy Ward and correctional officers known to the named officers but unknown to Cregan, participated in an unannounced search of Tier C-F at the Cook County jail, and three officers, including at least one sergeant named herein, entered into Cell No. 410 where Cregan was resident. Cregan was ordered to the floor and, while complying with the order, one of the officers grabbed both of his arms and pushed him to the floor while placing a knee upon Cregan's back. That officer pressed down upon Cregan's back injuring his back and causing Cregan extreme pain as the officer placed handcuffs on Cregan. Then another officer began a bodily search of Cregan while other Defendants detained Cregan's cell mate and/or supervised the search.

**ANSWER:** Defendants deny the allegations contained in paragraph 7 of Plaintiff's Second Amended Complaint.

8. In the course of this search, the officer who was physically searching Cregan placed his hands inside Cregan's pants and underwear, probed his fingers into Cregan's buttocks and placed the tip of his finger into Cregan's anus, causing him extreme pain. The officer then turned Cregan over and ran his hand down his penis and behind his scrotum stating "I am looking for knives."

  **ANSWER:** Defendants deny the allegations contained in paragraph 8 of Plaintiff's Second Amended Complaint.

  9. No contraband was found in the course of this search.

  **ANSWER:** Defendants deny the allegations contained in paragraph 9 of Plaintiff's Second Amended Complaint.

  10. After being taken through a body scanner and placed in holding, Cregan requested of a Corrections Officer, believed based on materials produced by the Cook County Sheriff's Department to be Officer Phillip Martin or Roosevelt Martin, that Cregan be provided medical attention for the injury to his back and for the sexual assault he had undergone. Officer Martin refused this request.

  **ANSWER:** Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 10 of Plaintiff's Second Amended Complaint.

  11. Shortly thereafter, Cregan was seen by the dispensary in his wing of the jail which recommended that he be taken to Cermak Hospital where he was seen by Yan K. Yu, M.D. Cregan advised Dr. Yu that he was experiencing shortness of breath due to the extreme pain he was experiencing and that he was continuing to suffer physical and emotional discomfort from the violation of his rectum during the search. Dr. Yu performed a cursory examination, performed no x-rays, and advised Cregan that he would be okay. When Cregan then explained that he remained in extreme pain causing shortness of breath, Dr. Yu recalled

him to his office saying he could perform a rape kit on Cregan but that he did not think it was necessary because the officer would have been wearing gloves. Cregan refused a rape kit and was referred for a psychiatric evaluation.

**ANSWER:** Defendants admit that Dr. Yu examined Plaintiff. Defendants admit that Plaintiff refused a rape kit. Defendants admit that Dr. Yu referred Plaintiff for a psychiatric evaluation. Defendants deny the remaining allegations contained in paragraph 11 of Plaintiff's Second Amended Complaint.

12. Cregan was then seen by a Mental Health Specialist, believed to be Anita Johnson, who told Cregan that he was lying and overreacting and the Mental Health Specialist refused to allow him to see another care provider.

**ANSWER:** Defendants admit that Anita Johnson met with Plaintiff. Defendants deny the remaining allegations contained in paragraph 12 of Plaintiff's Second Amended Complaint.

13. Cregan received no medical care for the injury to his back that he experienced and for the physical and emotional effects of the violation of his rectum committed during the search. For a period of many months thereafter he continued to experience pain and discomfort in his back and continues to suffer the psychological effect of having been violated as described herein.

**ANSWER:** Defendants deny that Plaintiff received no medical care. Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in paragraph 13 of Plaintiff's Second Amended Complaint.

14. Cregan worked to exhaust all administrative remedial measures available to him.

**ANSWER:** Defendants admit the allegations contained in paragraph 14 of Plaintiff's Second Amended Complaint.

**Count I:    Excessive Use of Force**

15. Cregan restates and realleges the allegations contained in paragraphs 1 through 14, as if fully set forth herein.

**ANSWER:** Defendants incorporate by reference their answers to paragraphs 1 through 14 as their answer to paragraph 15 of Plaintiff's Second Amended Complaint.

16. Defendants' participation and supervision of the physical attack on Cregan as alleged above was not necessary to keep or restore order or discipline, and was therefore not done in good faith, but instead was malicious and sadistic, and done only with the intent to cause harm to Cregan.

**ANSWER:** Defendants deny the allegations contained in paragraph 16 of Plaintiff's Second Amended Complaint.

17. Defendants' unwarranted physical attack on Cregan, and the supervising/witnessing officers' allowance of such an attack, resulted in Cregan requiring medical care.

**ANSWER:** Defendants deny the allegations contained in paragraph 17 of Plaintiff's Second Amended Complaint.

18. Cregan suffered physical and emotional injuries, pain and

suffering as a result of Defendants' action.

**ANSWER:** Defendants deny the allegations contained in paragraph 18 of Plaintiff's Second Amended Complaint.

19. Defendants' foregoing actions were done under the color of law, and by this excessive use of force against Cregan, violated Cregan's rights under the Eighth Amendment to the United States Constitution. An investigation of the alleged event occurred and, on information and belief, Cook County personnel advised the officer who conducted the bodily search of Cregan of Cregan's allegations regarding the search and his injury as a result of the search.

**ANSWER:** Defendants admit that, at all relevant times, they acted under the color of law. Defendants deny that they used excessive force against Plaintiff. The allegation that Defendants' actions violated Plaintiff's Eighth Amendment rights is a legal conclusion to which no response is necessary. To the extent that an answer is required, Defendants deny that they violated Plaintiff's Eighth Amendment rights. Defendants admit that the Office of Professional Review of the Cook County Sheriff's Office investigated the alleged event. Defendants deny the remaining allegations contained in paragraph 19 of Plaintiff's Second Amended Complaint.

WHEREFORE, Plaintiff, Carlos Dax Cregan, respectfully requests the Court enter judgment in favor of Cregan and against Cook County officers Cecilia Deanes, James Holmes, Issac Thomas, Timothy Ward in an amount to be determined, consisting of compensatory and punitive damages, Cregan's costs and

attorneys' fees, and such other and further relief the Court deems appropriate under the circumstances.

**ANSWER:** Defendants deny any wrongdoing or liability.

### Count II: Assault and Battery

20. Cregan restates and realleges the allegations contained in paragraphs 1 through 19, as if fully set forth herein.

**ANSWER:** Defendants incorporate by reference their answers to paragraphs 1 through 19 as their answer to paragraph 20 of Plaintiff's Second Amended Complaint.

21. The officer who physically searched Cregan as alleged herein engaged in the offensive touching of Cregan without Cregan's consent as described herein.

**ANSWER:** Defendants deny the allegations contained in paragraph 21 of Plaintiff's Second Amended Complaint.

22. At various intervals during the encounter between Cregan and the officer who searched his body, Cregan understood and was apprehensive about his belief that the officer was going to offensively touch Cregan without Cregan's consent.

**ANSWER:** Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 22 of Plaintiff's Second Amended Complaint.

23. The officer who searched Cregan was aided, abetted and

facilitated in that effort by the supervising/witnessing officers, including Lt. Cecilia Deanes and the other officers present during the bodily search of Cregan.

**ANSWER:** Defendants deny the allegations contained in paragraph 23 of Plaintiff's Second Amended Complaint.

24. The foregoing actions by Defendants constituted tortious assault and battery against Cregan, and Cregan suffered physical and emotional injuries, pain and suffering as a result of Defendants' actions.

**ANSWER:** The allegation that Defendants' actions constituted tortious assault and battery is a legal conclusion to which no response is necessary. To the extent that an answer is required, Defendants deny that their actions constituted tortious assault and battery. Defendants lack knowledge or information sufficient to form a belief about Plaintiff's injuries, pain, or suffering. Defendants deny any wrongdoing or liability.

WHEREFORE, Plaintiff, Carlos Dax Cregan, respectfully request the Court enter judgment in favor of Cregan and against Cook County officers Cecilia Deanes, James Holmes, Issac Thomas and Timothy Ward in an amount to be determined, consisting of compensatory and punitive damages, Cregan's costs and attorneys' fees, and such other and further relief the Court deems appropriate under the circumstances.

**ANSWER:** Defendants deny any wrongdoing or liability.

**Count III: Intentional Infliction of Emotional Distress**

25. Cregan restates and realleges the allegations contained in

paragraphs 1 through 24 as if fully set forth herein.

**ANSWER:** Defendants incorporate by reference their answers to paragraphs 1 through 24 as their answer to paragraph 25 of Plaintiff's Second Amended Complaint.

26. The officers who handcuffed and searched Cregan as alleged physically assaulted Cregan.

**ANSWER:** Defendants deny the allegations contained in paragraph 26 of Plaintiff's Second Amended Complaint.

27. Defendants deliberately caused Cregan to fear for his health, safety and well-being.

**ANSWER:** Defendants deny the allegations contained in paragraph 27 of Plaintiff's Second Amended Complaint.

28. Defendants' conduct was extreme and outrageous, and was willful and wanton, malicious, and in reckless disregard for Cregan's rights.

**ANSWER:** Defendants deny the allegations contained in paragraph 28 of Plaintiff's Second Amended Complaint.

29. The officers who handcuffed and searched Cregan were aided, abetted and facilitated by the officer who supervised/witnessed their activity, including Lt. Cecilia Deanes and the other officers present at the time.

**ANSWER:** Defendants deny the allegations contained in paragraph 29 of Plaintiff's Second Amended Complaint.

30. As a result of Defendants' actions, Cregan has suffered extreme

emotional pain and suffering.

**ANSWER:** Defendants lack knowledge or information sufficient to form a belief about Plaintiff's injuries, pain, or suffering. Defendants deny any wrongdoing or liability.

WHEREFORE, Plaintiff, Carlos Dax Cregan, respectfully request the Court enter judgment in favor of Cregan and against Cook County officers Cecilia Deanes, James Holmes, Issac Thomas and Timothy Ward in an amount to be determined, consisting of compensatory and punitive damages, Cregan's costs and attorneys' fees, and such other and further relief the Court deems appropriate under the circumstances.

**ANSWER:** Defendants deny any wrongdoing or liability.

### Count IV: Deliberate Indifference to Cregan's Serious Medical Needs Pursuant to 42 U.S.C. Sec. 1983

31. Cregan re-alleges and hereby incorporates paragraphs 1 through 30 as though fully set forth herein.

**ANSWER:** Defendants incorporate by reference their answers to paragraphs 1 through 30 as their answer to paragraph 31 of Plaintiff's Second Amended Complaint.

32. At all times materials, Correctional Officer (or Deputy Sheriff) Phillip Martin or Correctional Officer (or Deputy Sheriff) Roosevelt Martin, and Dr. Yan Yu and Mental Health Specialist Anita Johnson acted under color of state law.

**ANSWER:** Defendants admit the allegations contained in paragraph 32 of Plaintiff's Second Amended Complaint.

33. Cregan suffered an injury to his back and rectum and suffered psychological and emotional injury that required immediate medical attention as alleged herein. Cregan submitted multiple requests for immediate medical care.

**ANSWER:** Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 33 of Plaintiff's Second Amended Complaint.

34. The Correctional Officer Martin on duty at the time and place of Cregan's request for medical attention, and Dr. Yu and A. Johnson saw, examined, knew of, and/or were aware of Cregan's medical condition and need for care, and they each heard Cregan's requests for care.

**ANSWER:** Defendants deny the allegations contained in paragraph 34 of Plaintiff's Second Amended Complaint.

35. In violation of the Eighth and Fourteenth Amendments, Correctional Officer Martin, Yu and Johnson knew of and disregarded the substantial risk of serious harm to Cregan, and they disregarded Cregan's requests for immediate medical care.

**ANSWER:** The allegation that Defendants' actions violated Plaintiff's Eighth and Fourteenth Amendment rights is a legal conclusion to which no response is necessary. To the extent that an answer is required, Defendants deny that they violated Plaintiff's Eighth and Fourteenth Amendment rights. Defendants deny the remaining allegations contained in paragraph 35 of Plaintiff's Second Amended Complaint.

36. In the alternative, Correctional Officer Martin, Dr. Yu and A. Johnson made intentional decisions to disregard Cregan's need and request for medical care, and that put Cregan at substantial risk of suffering serious harm.

**ANSWER:** Defendants deny the allegations contained in paragraph 36 of Plaintiff's Second Amended Complaint.

37. Correctional Officer Martin, Dr. Yu and A. Johnson did not take reasonably available measures to abate the serious risk to Cregan. The consequences of each individual Defendant's conduct were obvious.

**ANSWER:** Defendants deny the allegations contained in paragraph 37 of Plaintiff's Second Amended Complaint.

38. By not taking such reasonable measures, each of Correctional Officer Martin, Dr. Yu and A. Johnson caused Cregan's injuries for which they are liable pursuant to 42 U.S.C. § 1983.

**ANSWER:** Defendants deny that they failed to take reasonable measures. Further, Defendants deny that their actions injured Plaintiff. The allegation that Defendants' actions make them liable pursuant to 42 U.S.C. § 1983 is a legal conclusion to which no response is necessary. To the extent that an answer is required, Defendants deny any wrongdoing or liability.

WHEREFORE, Plaintiff, Carlos Dax Cregan, respectfully request the Court enter judgment in favor of Cregan and against Cook County officer Phillip Martin or Roosevelt Martin, Cook County Medical Doctor Yan K. Yu, and Cook County Mental Health Specialist Anita Johnson in an amount to be determined,

consisting of compensatory and punitive damages, Cregan's costs and attorneys' fees, and such other and further relief the Court deems appropriate under the circumstances.

**ANSWER:** Defendants deny any wrongdoing or liability.

### AFFIRMATIVE DEFENSES

Further answering Plaintiff's complaint, Defendant alleges the following separate affirmative defenses against Plaintiff:

### I. Qualified Immunity

6. With respect to Plaintiff's claims, the individual defendant Deputy Sheriff Lund did not cause the deprivation of any constitutional rights of Plaintiff.

7. Defendant's conduct was, at all times, objectively reasonable and did not violate any of Plaintiff's clearly established Constitutional rights.

8. Accordingly, Defendant is entitled to the defense of qualified immunity.

### II. Failure to Mitigate

9. To the extent that Plaintiff failed to take reasonable measures to mitigate his alleged injuries and damages, those facts shall be presented to preclude recovery for Plaintiff.

10. Defendant reserves the right to amend the affirmative defenses at any point throughout the course of discovery.

### III. Immunity from Punitive Damages

11. Defendant asserts immunity from punitive damages.

12. First, an official capacity suit is tantamount to a claim against the government entity itself. *Guzman v. Sheahan*, 495 F.3d 852, 859 (7th Cir. 2007).

13. Second, a municipality is immune from punitive damages under 42 U.S.C. § 1983. *City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 271 (1981).

14. Thus, Defendant is immune from punitive damages in his official capacity.

### IV. 745 ILCS 10/2-202

15. Defendant asserts immunity pursuant to the Local Governmental and Governmental Employees Tort Immunity Act ("Tort Immunity Act").

16. Section 2-202 of the Tort Immunity Act provides that "[a] public employee is not liable for his act or omission in the execution or enforcement of any law unless such act or omission constitutes willful and wanton conduct."

### JURY DEMAND

With regard to any issue that may be heard appropriately by a jury in this cause of action, Defendants hereby demand a jury trial.

WHEREFORE, based on the foregoing, Defendants deny that Plaintiff is entitled to any relief, including but not limited to, damages, costs, or attorneys' fees. Defendants pray that this Court grant judgment in favor of Defendants and against Plaintiff on all counts, and Defendants further request that this Court grant

judgment in favor of Defendants and against the Plaintiff for costs, attorneys' fees, and such other relief that this Court deems just and appropriate.

                                                      Respectfully submitted,

                                                      KIMBERLY M. FOXX
                                                      State's Attorney of Cook County

By:    */s/Jonathan Wheeler*
        Jonathan Wheeler
        Assistant State's Attorneys
        500 Richard J. Daley Center
        Chicago, IL 60602
        Telephone +1 (312) 603-4389
        Telefacsimile +1 (312) 603-3000
        jonathan_wheeler@cookcountyil.gov